UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――

002152706 ONTARIO LIMITED
and JEC DISTRIBUTORS INC.,

         Plaintiff,

v.

CHANGER & DRESSER CORP.,

         Defendant.

―――――――――――――――――――――――

**COMPLAINT**

Case No. _____

**JURY TRIAL DEMANDED**

      Plaintiffs 002152706 Ontario Limited and JEC Distributors Inc. ("JEC"), for their complaint against defendant Changer & Dresser Corp. ("C&D"), allege as follows:

## PARTIES

      1.      002152706 Ontario Limited is a Canadian corporation with its principal place of business at 1416 Rebecca Street, Oakville, Ontario, Canada.

      2.      JEC is a Canadian corporation with its principal place of business at 1416 Rebecca Street, Oakville, Ontario, Canada.

      3.      JEC is a technical advisor and supplier to the North American automotive manufacturing industry, holding direct OEM vendor codes with major automotive manufacturers including Chrysler, Ford, General Motors, Honda, Toyota and Volkswagen.

      4.      Among other things, plaintiffs have developed, designed, manufactured and sold various products including Cap Changers, Tip Dressers, Sensors, Weld Gun Covers, Cutter Blades and Holders, and Force Gauges, and JEC distributes for Electricomn, Mountz, Packers Kromer, Parker Hannifin, Recap, Rocon, Telwin Welding, Tessonics and Watteredge.

5. Plaintiffs have sold Cap Changers to customers in New York State and in this District.

6. Upon information and belief, C&D is a Delaware corporation with its principal place of business at 1527 ITC Way, Anniston, Alabama.

7. Upon information and belief, C&D is a subsidiary of Kyokutoh Co., Ltd., which has a principal place of business at 2-2225, Higashi Kaminokura, Midori-ku, Nagoya, Aichi 458-0808 Japan.

8. Upon information and belief, C&D makes, distributes, sells and offers to sell in the United States and the State of New York, and/or imports into the United States and the State of New York, various manual and automatic tip dressers, and tip changers including C&D's KIKK- tip changer, KIKK-EL tip changer, DH-SURZ tip changer and DH-SV tip changer.

## JURISDICTION AND VENUE

9. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq.,* and particularly 35 U.S.C. § 271.

10. This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1331 and 1338.

11. This Court has personal jurisdiction over C&D. On information and belief, C&D, by or through its agents and affiliates, regularly transacts, solicits and engages in business in New York, including the Western District of New York; contracts to supply goods in this jurisdiction; advertise and market infringing goods within this jurisdiction through an interactive website; derives substantial revenue from sales in this jurisdiction; and/or knows or expects its actions to have consequences in this jurisdiction, and derives substantial revenue from interstate

or international commerce; such that the maintenance of personal jurisdiction does not offend traditional notions of fair play and substantial justice.

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and § 1400(b).

## THE PATENT IN SUIT

13.     On June 3, 2014, U.S. Patent Number 8,742,281, entitled "SPOT WELDING CAP CHANGER" ("the '281 patent"), was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '281 patent is attached as Exhibit A.

14.     2152706 Ontario Limited is the owner of the entire right, title, and interest in and to the '281 patent with the right to sue for past, present, and future infringement of the '281 patent.

15.     JEC is the non-exclusive licensee of, among other things, the '281 patent.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,742,281

16.     Plaintiffs reallege paragraphs 1 through 15 above.

17.     Upon information and belief, C&D has been making, using, selling, offering for sale, and/or importing, without license or authority from JEC, in this District and elsewhere in the United States, tip changers, including at least Model No. KIKK- and DH- tip changers, that embody the inventions claimed in the '281 patent under 35 U.S.C. § 271.

18.     C&D has been and still is directly infringing, contributing to and/or actively inducing infringement of the '281 patent.

19.     At least as early as June 22, 2014, C&D was notified of its infringement by JEC.

20.     Accordingly, C&D has actual knowledge of the contents of the '281 patent, and C&D's prior and continuing infringement of the '281 patent was and is willful and deliberate,

and without any objectively reasonable defense to infringement, rendering this case exceptional within the meaning of 35 U.S.C. § 285.  Such acts entitle plaintiffs to an award of enhanced damages and reasonable attorneys' fees.

21.  C&D has profited from its infringement of the '281 patent.  As a result of C&D's unlawful infringement, plaintiffs have been damaged in an amount yet to be determined, and will continue to be damaged by that infringement unless enjoined by this Court.

22.  Upon information and belief, C&D will continue to directly infringe, contributorily infringe and/or induce infringement of the '281 patent, and plaintiffs will continue to be irreparably harmed unless C&D is enjoined by the Court.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that the Court enter judgment in their favor and against C&D and grant relief as follows:

(A)  that the Court enter judgment against C&D and in favor of plaintiffs with respect to all relief requested in this complaint;

(B)  that the Court declare that C&D and its parents, subsidiaries, officers, agents, servants, employees, licensees, customers, distributors, affiliates, and all other persons acting or attempting to act in active concert or participation therewith, including without limitation Kyokutoh Co., Ltd., have infringed and continue to infringe, either directly or indirectly, the '281 patent;

(C)  that the Court declare and order that the '281 patent is valid and enforceable;

(D)  that the Court preliminarily and permanently enjoin C&D, its parents, subsidiaries, officers, agents, servants, employees, licensees, customers, distributors, Kyokutoh

Co., Ltd., and all other persons acting or attempting to act in active concert or participation therewith, from further infringement, inducement of infringement and contributory infringement of the '281 patent;

  (E) that plaintiffs be awarded all damages caused by C&D's infringement pursuant to 35 USC § 285, to the extent allowable by law;

  (F) that the Court find this case to be exceptional pursuant to 35 USC § 285, and award plaintiffs treble damages, as well as plaintiffs' costs, expenses and reasonable attorneys' fees in this action, pursuant to 35 USC §§ 284 and 285 and Fed. R. Civ. P. 54(d);

  (G) that plaintiffs be awarded pre-judgment and post-judgment interest; and

  (H) that the Court grant plaintiffs such other and further relief as the Court deems appropriate.

Dated: January 6, 2015

PHILLIPS LYTLE LLP

By: s/ Michael J. Berchou
  Michael J. Berchou
  Rowland Richards
  One Canalside
  125 Main Street
  Buffalo, New York 14203
  (716) 847-8400
  Fax: (716) 852-6100
  mberchou@phillyslyte.com
  rrichards@phillipslytle.com

Attorneys for Plaintiffs

Doc #01-2823253.2